# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**DAVID JONATON CAMBRANIS,**

> **Plaintiff,**

**v.**                                                  **Case No. 5:19-CV-0238-JKP**

**MICHAEL POMPEO, Secretary, U.S.
Department of State, in his official
capacity,[1]**

> **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

The Court has under consideration *Defendant's Motion to Dismiss Plaintiff's First Amended Complaint* (ECF No. 25). With Plaintiff's response (ECF No. 31), Defendant's reply (ECF No. 32), and Plaintiff's surreply (ECF No. 44) recently filed with leave of Court, the motion is ripe for ruling. For the reasons that follow, the Court grants the motion and finds that it lacks jurisdiction under § 704 of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06.

## I. BACKGROUND

On January 4, 1979, Eva Lopez Escobar, a Mexican citizen, gave birth to Plaintiff in Del Rio, Texas, but initially registered his birth in Mexico. First Am. Compl. (ECF No. 16) ¶¶ 5-6, 11. In July 1981, she filed a delayed birth certificate for Plaintiff with the Texas Department of Health Bureau of Vital Statistics. *Id.* ¶ 12. The Texas birth certificate included an attestation by a physician

---

[1]The original complaint identified one defendant: Michael Pompeo, Secretary, U.S. Department of State, in his official capacity. *See* Compl. for Decl. Relief (ECF No. 1). After Defendant Pompeo moved to dismiss that complaint, *see* ECF No. 14, Plaintiff filed his First Amended Complaint (ECF No. 16) in compliance with Fed. R. Civ. P. 15(a). In that amended complaint, Plaintiff lists the United States Department of State as a new defendant in the caption but only lists Defendant Pompeo in the body of the complaint. In response to the amended complaint, Defendant Pompeo moved to dismiss and listed only one defendant in the caption of his motion. *See* ECF No. 25. To complicate matters further, the docket sheet for this action includes the Attorney General of the United States and the Executive Office of the Office of the Legal Adviser as defendants. Based on Plaintiff's amended complaint, the Court finds only one defendant named in this action.

that he had attended the birth in Del Rio, Texas, on January 4, 1979. *Id.* Given the existence of the Mexican birth certificate, the Texas State Registrar attached an addendum to Plaintiff's Texas birth certificate on October 13, 2010. *Id.* ¶ 13. The addendum barred the release of the Texas birth certificate to anyone. *Id.*

On March 16, 2011, the Texas Department of Health denied Plaintiff's application for a copy of his Texas birth certificate. *Id.* ¶¶ 14-15. On appeal, an Administrative Law Judge conducted a hearing, took testimony from Plaintiff's mother and the attending physician, and found that the evidence established Plaintiff's birth in Del Rio, Texas, despite the earlier Mexican birth certificate. *Id.* ¶¶ 16-18. The Texas Department of Health thus issued Plaintiff a Texas birth certificate without notation or addendum. *Id.* ¶ 18.

On March 17, 2017, Plaintiff applied for a United States passport. *Id.* ¶ 19. The United States Department of State denied the application on December 6, 2018. *Id.* ¶ 20. Plaintiff commenced this action in March 2019. *See* ECF No. 1. He later amended the complaint in accordance with Fed. R. Civ. P. 15(a). *See* ECF No. 16. He asserts claims under 8 U.S.C. § 1503(a), the APA, and the Fifth Amendment of the United States Constitution. *Id.* ¶¶ 23-32. He seeks a declaration that he is "a United States citizen and national who is entitled to the rights and privileges of citizenship, including a United States passport." *Id.* at 7.

Defendant has moved to dismiss this action under Fed. R. Civ. P. 12(b)(1) on various grounds and under Fed. R. Civ. P. 12(b)(6) to the extent the Court finds it has jurisdiction. For purposes of determining jurisdiction, Defendant attaches documentation to the motion which shows that, since 2009, Plaintiff has filed six passport applications that have all been denied – the first denial occurred on September 22, 2010. Plaintiff opposes the motion to dismiss and moved to file a surreply to respond to arguments set out in Defendant's reply brief. The Court has granted

Plaintiff leave to file the surreply. The motion to dismiss is ready for ruling.

## II. MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant seeks to dismiss this case for lack of jurisdiction on grounds that (1) Plaintiff did not commence the action within the five-year limitations period set forth in 8 U.S.C. § 1503(a); (2) Plaintiff cannot seek review under the APA, 5 U.S.C. § 704, because § 1503(a) provides an adequate remedy for his claim; (3) 28 U.S.C. § 1331 does not waive sovereign immunity; and (4) the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, does not provide an independent basis for jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). By first considering a Rule 12(b)(1) motion, courts avoid "prematurely dismissing a case with prejudice" when it lacks jurisdiction. *Ramming*, 281 F.3d at 161. A "court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

Courts have "the power to dismiss for lack of subject matter jurisdiction based on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the

court's resolution of disputed facts." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *accord Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019); *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). When determining issues of subject matter jurisdiction, the courts "may consider outside matter attached to a motion to dismiss without first converting it into a motion for summary judgment." *State of Ala. ex rel. Baxley v. Woody*, 473 F.2d 10, 12 (5th Cir. 1973).

The Fifth Circuit has long distinguished between "facial" and "factual" jurisdictional attacks. *See Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "An attack is 'factual' rather than 'facial' if the defendant 'submits affidavits, testimony, or other evidentiary materials.'" *Id.* When faced with a factual jurisdictional attack, "a plaintiff 'must prove the existence of subject-matter jurisdiction by a preponderance of the evidence' and is 'obliged to submit facts through some evidentiary method to sustain his burden of proof.'" *Id.* (quoting *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989) (internal quotation marks and footnotes omitted), *aff'd sub nom.*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990)).

For factual attacks, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413 (quoting *Mortensen v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (3rd Cir. 1977)). On the other hand, a facial attack requires the courts to "consider the allegations of the complaint as true." *Id.* "Regardless of the nature of the attack, the plaintiff seeking a federal forum 'constantly bears the burden of proof that jurisdiction does in fact exist.'" *Chandler v. United States*, 338 F. Supp. 3d 592, 599 (N.D. Tex. 2018) (quoting *Ramming*, 281 F.3d at 161).

Defendant makes a factual jurisdictional attack by presenting evidence with its motion to dismiss. Accordingly, the Court does not presume the truthfulness of any allegation of Plaintiff and determines whether jurisdiction exists by examining the complaint as supplemented by undisputed facts. Because Plaintiff does not contest the facts within the proffered evidence, the Court has no need to resolve any disputed facts.

The circumstances of this case present the issue of sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). When a plaintiff seeks judicial review of an action by a federal agency under 28 U.S.C. § 1331, the courts must determine whether there has been "a waiver of sovereign immunity." *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014). The APA may waive such immunity in some circumstances. *See id.* Furthermore, 8 U.S.C. § 1503(a) waives sovereign immunity to permit an action under 28 U.S.C. § 2201 to remedy an "unlawful denial of a right or privilege claimed as a United States national." *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019).

With these legal principles in mind, the Court proceeds to the various jurisdictional issues presented by the parties.

### III. DECLARATORY JUDGMENT ACT

Defendant argues that the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, provides no independent basis for jurisdiction. The Court agrees. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 197 (2014); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001); *Northfield Ins. Co. v. Rodriguez*, 261 F. Supp. 3d 705, 708 (W.D. Tex. 2017).

## IV. FEDERAL QUESTION JURISDICTION

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "But § 1331 does not waive sovereign immunity." *BNSF Ry. Co. v. EEOC*, 385 F. Supp. 3d 512, 524 (N.D. Tex. 2018) (citing *Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972)). Consequently, it is not enough to merely rely on § 1331 for jurisdiction when suing the United States or its agencies. For instance, although claims under the APA rely on "§ 1331 to confer jurisdiction," such claims "depend on the APA for waiver of an agency's sovereign immunity." *Id*. Similarly, although claims under 8 U.S.C. § 1503(a) rely on federal question jurisdiction, the waiver of sovereign immunity for such claims lies within § 1503(a). The Court thus considers whether there is federal question jurisdiction and a waiver of sovereign immunity for any claim asserted under § 1503(a), the APA, or the United States Constitution.

## V. SECTION 1503(a)

Congress enacted 8 U.S.C. § 1503 in 1952 with a minor amendment in 1996 to change the term "exclusion" in subparagraph (a) to "removal" and to replace "excluded from" to "denied" in subparagraph (b). The minor change has had no substantive effect on the statute. Although a claim under § 1503(a) "raises a question of federal law," governed by 28 U.S.C. § 1331, such an action "must comply with further jurisdictional requirements." *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019). If the Plaintiff does not commence the federal action within five years of the final administrative denial, the Court lacks jurisdiction over the claim. *See id.* at 188-89.

Defendant argues that Plaintiff did not commence the action within the five-year limitations period set forth in § 1503(a). While Plaintiff believes that the Fifth Circuit wrongly decided *Gonzalez*, he concedes that his § 1503(a) claim is currently foreclosed by *Gonzalez*. He pursues the claim to preserve the issue for appeal.

Based upon *Gonzalez*, Plaintiff's failure to pursue his § 1503(a) claim within five years of the first administrative denial deprives this Court of jurisdiction over any claim under that section.

## VI. ADMINISTRATIVE PROCEDURE ACT

The parties make multiple involved arguments regarding jurisdiction and waiver of sovereign immunity under the APA. To put their arguments in proper context and to better understand the ramifications of the various APA provisions, the Court deems it prudent to first consider the history and background of the APA and its various sections that impact the jurisdiction of federal courts. After setting out such relevant matters, the Court will address the specific arguments of the parties.

### A. Section 701

The APA, 5 U.S.C. §§ 701-06, applies according to its provisions "except to the extent that – (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Section 701(a), "limits application of the entire APA to situations in which judicial review is not precluded by statute and the agency action is not committed to agency discretion by law." *Webster v. Doe*, 486 U.S. 592, 599 (1988). Whether judicial review under the APA is available "at all is predicated on satisfying the requirements of § 701." *Id.* at 597. In fact, courts have construed § 701(a) as precluding jurisdiction. *See Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002) (holding that if § 701(a) applies to preclude judicial review, such preclusion is "jurisdictional in effect, requiring dismissal"); *Ellison v. Connor*, 153 F.3d 247, 254 (5th Cir. 1998) (discussing § 701(a) in jurisdictional context); *Gutierrez-Soto v. Sessions*, 317 F. Supp. 3d 917, 927 (W.D. Tex. 2018) (finding no jurisdiction over APA claim due to § 701(a)).

Despite this recognized jurisdictional bar, the APA creates a "presumption of reviewability." *FDIC v. Bank of Coushatta*, 930 F.2d 1122, 1127 (5th Cir. 1991). Indeed, the Supreme Court has long held that there is a "strong presumption that Congress intends judicial review of admin-

istrative action." *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670 (1986). And it has "held that even if agency action is committed to its discretion by law, judicial review of constitutional claims is still available unless congressional intent to preclude review is clear." *Ellison*, 153 F.3d at 254 (citing *Webster*, 486 U.S. at 603).

The Supreme Court requires "this heightened showing in part to avoid the serious constitutional question that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim." *Webster*, 486 U.S. at 603 (citation and internal quotation marks omitted). Relying on this language in *Webster*, the Fifth Circuit has directed the courts to examine the relevant statute for the heightened showing. *Collins v. Mnuchin*, 938 F.3d 553, 587 (5th Cir. 2019). If nothing in the relevant statute persuades the court "that Congress meant to preclude consideration of colorable constitutional claims arising out" of actions taken pursuant to the statute, a constitutional claim arising from such actions "may be reviewed" under the APA. *Webster*, 486 U.S. at 603-04. "In determining whether statutory provisions include standards that could provide a basis for judicial review, it is necessary to focus on the precise claims at issue." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2602 (2019) (Alito, J, concurring) (citing *Webster*, 486 U.S. at 601-02, while noting parenthetically that *Webster* distinguished "between statutory and constitutional claims").

**B.** **<u>Section 702</u>**

The first sentence of § 702 of the APA provides the following statutory right of review: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." That was the complete text of § 702 when Congress amended the APA in 1976. *See Bowen v. Massachusetts [hereinafter Bowen]*, 487 U.S. 879, 892 (1988) (quoting pre-amendment version).

Through this text, § 702 "embodies the basic presumption of judicial review to" those within its terms. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967) (quoting § 702), *abrogated by statute in other part as recognized in Califano v. Sanders*, 430 U.S. 99, 105 (1977); *accord Collins v. Mnuchin*, 938 F.3d 553, 573 (5th Cir. 2019). And the Supreme Court has held that "judicial review of a final agency action by an aggrieved person will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress." *Abbott Labs.*, 387 U.S. at 140.

Prior to the 1976 amendment, the Fifth Circuit had found § 702 sufficient to waive sovereign immunity in actions to which the APA applied. *See Estrada v. Ahrens*, 296 F.2d 690, 698 (5th Cir. 1961). Further, even post-amendment, the Fifth Circuit has stated that the first sentence "certainly qualifies as a waiver of sovereign immunity." *Lundeen*, 291 F.3d at 304.

At no point has Congress limited the waiver of sovereign immunity that existed prior to 1976. To the contrary, it is well-settled and "undisputed that the 1976 amendment to § 702 was intended to broaden the avenues for judicial review of agency action by eliminating the defense of sovereign immunity in cases covered by the amendment." *Bowen*, 487 U.S. at 891-92; *accord Doe v. United States*, 853 F.3d 792, 799 (5th Cir. 2017) (as revised) (quoting *Bowen* with approval for same proposition); *Armendariz-Mata v. U.S. Dep't of Justice, DEA*, 82 F.3d 679, 682 (5th Cir. 1996) (citing *Bowen* with approval for same proposition). Among other language, the 1976 amendment added a second sentence "to the already broad coverage of § 702." *Bowen*, 487 U.S. at 892. As amended in 1976 and not further amended since, the second sentence states:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

In 1980, while considering the APA and its waiver of sovereign immunity, the Fifth Circuit concluded that the district courts have jurisdictional "authority to award nonmonetary compen-

sation" through "the confluence of 28 U.S.C. § 1331(a) and 5 U.S.C. § 702." *Sheehan v. Army & Air Force Exch. Serv.*, 619 F.2d 1132, 1139 (5th Cir. 1980), *rev'd on other grounds*, 456 U.S. 728 (1982).[2] In reaching that conclusion, it recognized that, through the 1976 amendment, Congress "intend[ed] to waive the defense of sovereign immunity for nonstatutory review under section 1331." *Id.*; *accord Alabama-Coushatta Tribe of Tex. v. United States [hereinafter Alabama-Coushatta]*, 757 F.3d 484, 488 (5th Cir. 2014) ("Although *Sheehan* was ultimately reversed by the Supreme Court on other grounds, we continue to agree with this specific holding.").

Because it also recognized that, given the enumerated text of § 702, "Congress did not intend to expand the waiver of sovereign immunity in the Tucker Act," an act permitting recovery of monetary damages only, it held that § 702 would not permit an award of nonmonetary relief in an action "premised solely on [the Tucker] Act." *Sheehan*, 619 F.2d at 1140 & n.13. But conversely, it found that, "when suit is brought under statutes other than the Tucker Act seeking a nonmonetary remedy for violation of the national Constitution and laws, the limited grant of jurisdiction and waiver of sovereign immunity found in [the APA] does not expressly or impliedly prohibit the suit." *Id.* at 1140. Accordingly, it found "that the district court possesse[d] subject matter jurisdiction" and thus reversed and remanded the case. *Id.* at 1141.

In reaffirming the vitality of *Sheehan*, the Fifth Circuit found *Jaffee v. United States*, 592 F.2d 712, 718-19 (3d Cir. 1979) particularly illuminating and found additional support through "a number of decisions in our sister circuits." *See* 757 F.3d at 488-89 (citing, *e.g.*, *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 775 (7th Cir. 2011); *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186-87 (D.C. Cir. 2006); *United States v. City of Detroit*, 329 F.3d 515, 520-21 (6th Cir. 2003) (en banc)). *Jaffee* explained that "nonstatutory" referred to suits that "are not brought under

---

[2] The Supreme Court reversed *Sheehan* only with respect to whether the district court had jurisdiction to award money damages under the Tucker Act. *See Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 729-41 (1982).

the statutes that specially provide for review of agency action" and for those suits "judicial review is available, if at all, through actions involving matters which arise 'under the Constitution, Laws, or treaties of the United States' as provided in section 1331(a) of title 28." 592 F.2d at 719 n.12 (quoting legislative history).

Thus, through *Sheehan*, the Fifth Circuit has "held that even claims *not* predicated on the APA are entitled to its waiver provision." *BNSF Ry. Co. v. EEOC*, 385 F. Supp. 3d 512, 524 (N.D. Tex. 2018). Because "the waiver in § 702 is not limited to claims brought pursuant to the review provisions contained in the APA itself," courts have found that "[t]he waiver applies when any federal statute authorizes review of agency action, as well as in cases involving constitutional challenges and other claims arising under federal law." *U.S. Army Corps of Eng'rs*, 667 F.3d at 775 (collecting cases and cited with approval in *Alabama-Coushatta*). The Fifth Circuit succinctly states that, as amended, § 702 "waives sovereign immunity for actions against federal government agencies, seeking nonmonetary relief, if the agency conduct is otherwise subject to judicial review." *Louisiana v. United States*, 948 F.3d 317, 321 (5th Cir. 2020) (quoting *Alabama-Coushatta*, 757 F.3d at 488); *accord Sheehan*, 619 F.2d at 1139 (using same quoted language).

Not only did the 1976 amendment add the second sentence to § 702 to broaden the avenues for judicial review, but the amendment also added the following language after that sentence:

> The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided*, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

The enumerated text carves out important matters that might affect the waiver of sovereign immunity. *See Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209,

215 (2012). The second "important carve-out" makes the waiver inapplicable in certain circumstances and "prevents plaintiffs from exploiting the APA's waiver to evade limitations on suit contained in other statutes." *Id.*

## C. Section 704 and Interplay with Section 702

While § 702 sets out the statutory right to judicial review and the scope of any waiver of sovereign immunity, § 704 of the APA identifies which agency actions are reviewable. In its first sentence, § 704 sets out two types of actions as reviewable: "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is a definite interplay between the two types of persons entitled to judicial review set out in the first sentence of § 702 and the two types of agency action deemed reviewable by the first sentence of § 704. *See Alabama-Coushatta*, 757 F.3d at 489 (discussing the interplay in terms of two claim types of § 702 and the final agency requirement of § 704). Both the Supreme Court and the Fifth Circuit have used the phrase "general review provisions of the APA" to refer to the second type of agency action ("final agency action") deemed reviewable in § 704. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990); *Sierra Club v. Peterson*, 228 F.3d 559, 565 (5th Cir. 2000) (en banc). Relying on those cases, *Alabama-Coushatta* likewise uses the phrase "general provisions of the APA" to refer to the § 704 final agency action prong, while also connecting that prong to the first claim type ("legal wrong") for which § 702 waives sovereign immunity. *See* 757 F.3d at 489. For purposes of clarity, this Court will use these phrases similarly unless noted otherwise.

In *Bowen*, while addressing a "novel submission that the entire action is barred by § 704" based upon "an adequate substitute for review," the Supreme Court thoroughly discussed the purpose of this provision from its enactment in 1946. *See* 487 U.S. at 901-08. While recognizing that

"the primary thrust of § 704 was to codify the exhaustion requirement," the Court further noted that, "the provision as enacted also makes it clear that Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." *Id*. at 903. The Court held "§ 704 does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Id*. (internal quotation marks and citation omitted). Furthermore, "[w]hen Congress enacted the APA to provide a general authorization for review of agency action in the district courts, it did not intend that general grant of jurisdiction to duplicate the previously established special statutory procedures relating to specific agencies." *Id*. And the Court cautioned that "[t]he exception that was intended to avoid such duplication should not be construed to defeat the central purpose of providing a broad spectrum of judicial review of agency action." *Id*.

In *Bowen*, the Court rejected the "restrictive—and unprecedented—interpretation of § 704" presented because the proffered available remedy was "plainly not the kind of 'special and adequate review procedure' that will oust a district court of its normal jurisdiction under the APA." *Id*. at 904. And it was undisputed that (1) there was "no special statutory procedure" permitting judicial review, (2) the plaintiff relied "entirely on the general provision for judicial review of agency action contained in the APA, 5 U.S.C. § 701 et seq.," and (3) "if review [wa]s proper under the APA, the District Court had jurisdiction under 28 U.S.C. § 1331." *Id*. at 891 n.16.

Three years following *Bowen*, in a case containing APA and constitutional claims but not involving agency action made reviewable by any specific statute, the Fifth Circuit affirmed a jurisdictional dismissal when the action did not involve final agency action and the plaintiff was "not without an adequate remedy." *Taylor-Callahan-Coleman Ctys. Dist. Adult Prob. Dep't v. Dole*, 948 F.2d 953, 956 (5th Cir. 1991) (relying on § 704). It further found that sovereign immunity still

protected the defendant because there was no final agency action and the plaintiff was not without an adequate remedy. *Id.*

In 1994, the Fifth Circuit found that § 704 of the "APA permits 'non-statutory' judicial review only of 'final agency action.'" *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). And "a court lacks subject matter jurisdiction" when "there is no 'final agency action,' as required by the controlling statute." *Id.*; *accord Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 287 (5th Cir. 1999). In *Veldhoen*, the Fifth Circuit recognized the potential bar to jurisdiction presented by sovereign immunity but did not address § 702 or any waiver of immunity. *See* 35 F.3d at 225.

In a later case that made its way to the Supreme Court, the inclusion of a constitutional claim did not save the case from a jurisdictional dismissal at the district court level, *see Sackett v. U.S. E.P.A.*, No. 08-CV-185-N-EJL, 2008 WL 3286801, at *2 (D. Idaho Aug. 7, 2008) (subsequent history omitted); did not prompt the appellate court to reverse the jurisdictional dismissal, *Sackett v. U.S. E.P.A.*, 622 F.3d 1139, 1147 (9th Cir. 2010) (same); and garnered no discussion by the Supreme Court when it reversed the dismissal solely because it found both final agency action and "no adequate remedy other than APA review" as required by § 704, *see Sackett v. E.P.A.*, 566 U.S. 120, 127-31 (2012). The Supreme Court also rejected an argument that § 701(a)(1) excludes APA review. *Id.* at 128-31. The District Court had found that (1) "the mere fact that Plaintiffs allege a constitutional violation and ask for declaratory and injunctive relief does not satisfy their burden of establishing an unequivocal waiver of sovereign immunity" and (2) jurisdiction under the APA was not proper because the case did not present any final agency action and the courts lack "jurisdiction to review a pre-enforcement compliance order." *See* 2008 WL 3286801, at *2. The Supreme Court expressly disagreed with the second stated basis for the jurisdictional dismissal without discussing waiver of sovereign immunity. *See* 566 U.S. at 127-31. However, because it found

14

jurisdiction proper, it necessarily found that sovereign immunity had been waived.

Recently, the Fifth Circuit has interpreted § 704 as precluding general claims under the APA challenging a denial of a passport because 8 U.S.C. § 1503(a) is an adequate remedy. *Flores v. Pompeo*, 936 F.3d 273, 277 (5th Cir. 2019). Without mentioning sovereign immunity, it found that the district court had no jurisdiction over the APA claims. *Id.*

Under *Sackett* and the cited Fifth Circuit precedent, § 704 appears to be an independent jurisdictional limitation on judicial review. Regardless, § 704 permits judicial review of agency action when "a statute makes the agency action reviewable or, if no other statute explicitly provides for review, that it is a 'final agency action for which there is no other adequate remedy in a court.'" *Xia v. Tillerson*, 865 F.3d 643, 657 (D.C. Cir. 2017).

### D. <u>Other APA Provisions</u>

Section 706 provides the scope of judicial review and directs reviewing courts to "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action," in addition to "(1) compel[ling] agency action unlawfully withheld or unreasonably delayed" and, upon making certain findings, "(2) hold[ing] unlawful and set[ting] aside agency action, findings, and conclusions." Furthermore, § 703, which addresses the form and venue of proceeding, permits "actions for declaratory judgment" when there is no statute or an inadequate statute specifying the "form of proceeding for judicial review."

### E. <u>Summary Regarding APA Provisions</u>

The above discussion of the background and history of the APA provisions reflects numerous hurdles that a plaintiff must clear before a court may exercise jurisdiction to judicially review agency action. To find that the APA provides a jurisdictional basis for judicial review through 28

U.S.C. § 1331, requires a multi-layered jurisdictional inquiry encompassing sections 701, 702, and 704. But, because it only takes one provision to bar jurisdiction, courts are free to consider the provisions in whatever order they deem warranted. If any provision bars judicial review, the court lacks jurisdiction and may forego further consideration of the APA provisions.

Plaintiff places much reliance on *Alabama-Coushatta* and its framework for considering claims and waiving sovereign immunity under the APA. Accordingly, the Court specifically sets out that framework before tackling the jurisdictional issues presented under the APA in this case.

## F. The *Alabama-Coushatta* Framework

After *Alabama-Coushatta* noted the continued vitality of *Sheehan,* it addressed what a plaintiff must do to establish a waiver of sovereign immunity. *See* 757 F.3d at 488-89. In doing so, it relied heavily on two cases as previously mentioned. *See id.* (relying on *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882-83 (1990); *Sierra Club v. Peterson*, 228 F.3d 559, 565 (5th Cir. 2000) (en banc)).

*Lujan* did not address any jurisdictional issue related to the APA; it instead considered whether the National Wildlife Federation was "a proper party to challenge actions of the Federal Government relating to certain public lands." 497 U.S. at 875. In doing so, it recognized that the right to judicial review found in the first sentence of § 702 "contains two requirements:" (1) agency action, as defined by 5 U.S.C. § 551(13), affecting the person claiming the right to sue and (2) "the party seeking review under § 702 must show that he has 'suffer[ed] legal wrong' because of the challenged agency action or is 'adversely affected or aggrieved' by that action 'within the meaning of a relevant statute.'" 497 U.S. at 882 (quoting first sentence of § 702). Importantly, *Lujan*, relying on the first sentence of § 704, held that "[w]hen, as here, review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" *Id*. Thus, for purposes of § 704,

finality is not an issue when a party seeks review pursuant to specific authorization in a substantive statute. Further, because the circumstances in *Lujan* presented no reason to address the "legal wrong" prong of the second requirement, the Court had need to only address whether the plaintiff had shown that he had satisfied the second prong of the second requirement. *Id*. at 883. It then proceeded to consider that matter through the context of summary judgment under Fed. R. Civ. P. 56. *Id*. at 883-900.

In *Sierra Club*, the Fifth Circuit sitting en banc, determined whether environmental groups had "limited their challenge to identifiable final agency actions of the United States Forest Service," as required by § 704. 228 F.3d at 561. Because the court concluded that they had not, it found that the district court had exceeded its jurisdiction in hearing the challenge. *Id*. Although "[t]he Forest Service's regulation of the National Forest system is governed by the National Forest Management Act of 1976 ('NFMA')," *id*. at 561, that act "does not provide for judicial review of Forest Service decisions, *id*. at 565. Accordingly, the en banc court found that "the general review provisions of the APA apply by default," that such "provisions limit . . . review to a 'final agency action'" through § 704 and *Lujan*, and courts "lack jurisdiction to consider a challenge to agency conduct" under the general provisions "[a]bsent a specific and final agency action." *Id*.

Although *Lujan* did not address sovereign immunity, *Alabama-Coushatta* interpreted the two *Lujan* requirements as "separate requirements for establishing a waiver of sovereign immunity" and held that they "apply to any waiver of sovereign immunity pursuant to § 702." *See* 757 F.3d at 489. It next held that § 702 "waives immunity for two distinct types of claims" encompassed within the first sentence, i.e., "suffering legal wrong because of agency action" and being "adversely affected or aggrieved by agency action within the meaning of a relevant statute." *Id*.

At this point, *Alabama-Coushatta* conducts a bifurcated analysis – dependent upon the type

of claim – to determine whether the APA waives sovereign immunity. *See id.* Ultimately, the court differentiates between the two claim types based upon whether the claim seeks review (1) only under the general APA provisions, i.e., based upon suffering a legal wrong, or (2) under "a statutory or non-statutory cause of action that arises completely apart from the general provisions of the APA," i.e., based upon being adversely affected or aggrieved. *See id.* Additionally, the court further delineated that waiver of sovereign immunity for the first type of claim requires "final agency action" under § 704, whereas waiver for the other type only requires "agency action" as defined by § 551(13). *Id.* at 489, 491. Finality of agency action is unnecessary for the second type of waiver because the finality requirement arises "from § 704 and has been read into § 702 in cases where review is sought pursuant only to the general provisions of the APA." *Id.* at 489.

While frequently relied upon by other courts, *Alabama-Coushatta* is not without criticism. *See Belle Co. v. U.S. Army Corps of Eng'rs*, 761 F.3d 383, 395 n.5 (5th Cir. 2014) (questioning and distinguishing), *cert. granted*, *judgment vacated sub nom. Kent Recycling Servs., LLC v. U.S. Army Corps of Eng'rs*, 136 S. Ct. 2427 (2016); *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1172 & n.36 (9th Cir. 2017) (recognizing disagreement); *BNSF Ry. Co.*, 385 F. Supp. 3d at 525-26 (following with reservations). But despite the criticism and "doctrinal confusion," *Alabama-Coushatta* remains binding precedent. *See White Oak Realty, LLC v. United States Army Corp of Eng'rs*, No. CV 13-4761, 2016 WL 2348065, at *2 (E.D. La. May 4, 2016); *accord BNSF Ry. Co.*, 385 F. Supp. 3d at 525-26.

Irrespective of the type of claim asserted, to show a § 702 waiver of sovereign immunity under *Alabama-Coushatta*, the plaintiff must (1) "identify some 'agency action' affecting him in a specific way, which is the basis of his entitlement for judicial review" and (2) show satisfaction of one of the two types of claims encompassed by the § 702's first sentence. 757 F.3d at 489.

## G. <u>Arguments of the Parties</u>

Defendant argues that § 704 precludes Plaintiff from seeking review under the APA because Congress intended for 8 U.S.C. § 1503(a) to provide an adequate remedy for his claim. Mot. Dismiss at 1, 8-10. Plaintiff concedes that based on recent Fifth Circuit decisions, he "has no statutory recourse to assert his claim to United States citizenship." Resp. at 2. He concedes that *Gonzalez* precludes his § 1503(a) claim, *see id.*, as discussed previously. And he concedes that *Flores v. Pompeo*, 936 F.3d 273 (5th Cir. 2019) precludes his general statutory APA claim challenging the denial of his passport. *See* Resp. at 2-3. However, he argues that this Court has jurisdiction over his claim under the United States Constitution because the finality and adequate-alternative-remedy requirements of § 704 do not apply to non-statutory claims. *See id.* 3-5.

In light of *Webster*, *Sheehan*, and other cited cases, the Court has no doubt that the APA permits judicial review of constitutional and other non-statutory claims that arise completely apart from the general provisions of the APA. Under the circumstances of this case, furthermore, the Court finds no bar to judicial review of any constitutional claim under § 701(a), which must be satisfied in all APA cases seeking judicial review. Although no one argues that § 701(a) has not been met, Defendant's focus on 8 U.S.C. § 1503(a) might give the impression that the statute precludes review under § 701(a)(1). Precluding review, however, is very different than the role § 1503(a) plays in this case. Nothing in § 1503(a) provides any basis to find that it is sufficient to preclude review and thus bar jurisdiction through § 701.

Although the APA generally permits judicial review of constitutional claims, a plaintiff seeking such review must also show that § 702 waives sovereign immunity for such claim and that § 704 does not bar jurisdiction. Based upon *Sheehan*,[3] the waiver of sovereign immunity within §

---

[3]In *Sheehan*, the Fifth Circuit found jurisdiction and remanded the case without discussing § 704. Given the information within the case, it appears that it may have viewed § 704 as satisfied. *See* 619 F.2d at 1136 (noting that Sheehan

702 applies to Plaintiff's claims arising under the United States Constitution. In accordance with *Alabama-Coushatta*, Plaintiff has identified agency action that provides the basis for his entitlement to judicial review and has satisfied the requirements of the second type of claim covered by § 702. Consequently, sovereign immunity is not a bar to jurisdiction for his constitutional claims.

In reply, Defendant attempts to distinguish *Alabama-Coushatta* on grounds that it affirmed a district court decision that there was no waiver of sovereign immunity because the plaintiff had not shown any identifiable agency action. Reply at 2 n.1. Plaintiff here, of course, does not rely on *Alabama-Coushatta* to find no waiver. And, in this case, there is no dispute regarding agency action. The differences between this case and *Alabama-Coushatta* do not make the approach set out in *Alabama-Coushatta* any less applicable.

Defendant also characterizes Plaintiff's attempt to apply the sovereign immunity waiver found in § 702 as "circumvent[ing] the sovereign immunity of the United States." Reply at 2. However, applying the Congressionally enacted waiver contained within § 702 as interpreted by binding Fifth Circuit precedent (*Sheehan* and *Alabama-Coushatta*) does not circumvent sovereign immunity. Plaintiff instead merely applies *Sheehan* and the statutory waiver to his constitutional claims so as to support his argument that this Court has jurisdiction over his constitutional claims. That Plaintiff has succeeded in showing a waiver of sovereign immunity under *Alabama-Coushatta* does not amount to any circumvention of sovereign immunity.

Defendant next resorts to new argument in his reply brief that two exceptions in § 702 further limit the APA's waiver of sovereign immunity. *See* Reply at 2-3. He identifies the two exceptions as the enumerated text added to § 702 in 1976 at the same time Congress added the second sentence. When there appears to be a waiver of sovereign immunity under § 702, the courts

---

had been informed "that the decision was final and was not subject to further appeal or review"). Regardless, both the Fifth Circuit and the Supreme Court appear to later recognize § 704 as a bar to jurisdiction.

should consider whether either enumerated carve-out text of § 702 affects the waiver. But that is unnecessary here because even though Plaintiff has shown a § 702 waiver of sovereign immunity under *Alabama-Coushatta*, § 704 of itself may present a jurisdictional bar. Such a waiver is insufficient to bestow jurisdiction when § 704 has taken it away.

Plaintiff argues that in *Alabama-Coushatta*, the Fifth Circuit concluded that § 704 only applies to claims brought under the general provisions of the APA and does not apply to statutory or non-statutory claims arising completely apart from those general provisions. *See* Surreply at 1-2. Plaintiff misconstrues the breadth of *Alabama-Coushatta*. While *Alabama-Coushatta* did mention the finality requirement of § 704, it did so only to tie the requirement to the legal-wrong claim type subject to the § 702 waiver of sovereign immunity. *See* 757 F.3d at 489. It did not hold that § 704 could not present an independent jurisdictional bar aside from sovereign immunity. Furthermore, although the plaintiff in *Alabama-Coushatta* asserted "two separate types of claims – each falling under the different parts of § 702," the court of appeals found "the distinction between these two claims . . . ultimately irrelevant," because the plaintiff had failed to identify any agency action for either claim. *Id*. at 489-90. The discussion of finality is thus dicta.

*Alabama-Coushatta* simply did not address whether § 704 would be a jurisdictional bar of itself. And because *Alabama-Coushatta* found no waiver of sovereign immunity, it had no reason to consider whether § 704 would bar jurisdiction. While Plaintiff disagrees that § 704 applies to his non-statutory claim, his argument appears completely contrary to *Veldhoen*, which found that judicial review of non-statutory claims is permitted under § 704 only for final agency action and without final agency action, the federal courts lack jurisdiction due to § 704. *See* 35 F.3d at 225. Even if Plaintiff is correct and neither requirement of the final agency action prong of § 704 applies to any § 702 waiver of sovereign immunity under *Alabama-Coushatta*, that does not change the

binding precedent that makes § 704 a jurisdictional bar notwithstanding a waiver of sovereign immunity. Without some intervening change, the *Alabama-Coushatta* panel cannot supplant a prior panel decision that is not materially distinguishable. Nor can a circuit decision override a Supreme Court decision.

Of course, Plaintiff would attempt to distinguish *Veldhoen* because the case did not involve a constitutional claim. But three years prior to *Veldhoen* the Fifth Circuit had found a lack of jurisdiction premised on § 704 in an action containing both APA and constitutional claims. *See Taylor-Callahan-Coleman Ctys. Dist. Adult Prob. Dep't v. Dole*, 948 F.2d 953, 956 (5th Cir. 1991). Based on this case, the potential distinction is unavailing. Moreover, the Supreme Court has addressed § 704 as a separate jurisdictional hurdle even when the plaintiff pursues a constitutional claim. *See Sackett v. E.P.A.*, 566 U.S. 120, 127-31 (2012).

Here, we have no question as to finality. The § 704 issue in this case relates to the oft omitted other requirement of the second type of agency action subject to judicial review – "no other adequate remedy in a court." This requirement is inseparable from the requirement of final agency action. *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 136 S. Ct. 1807, 1815 (2016) ("Even if final, an agency action is reviewable under the APA only if there are no adequate alternatives to APA review in court.") (citing § 704). Through § 704, Congress chose to make two types of agency action subject to judicial review: (1) "Agency action made reviewable by statute and" (2) "final agency action for which there is no other adequate remedy in a court." For the latter type of action, the statute always requires that the agency action be final and that there is an absence of any other adequate court remedy. The Fifth Circuit has found § 1503(a) to be an adequate remedy for APA-only claims. *See Flores*, 936 F.3d at 277; *De la Garza Gutierrez v. Pompeo*, 741 F. App'x 994, 1000 (5th Cir. 2018) (per curiam); *Chavarria v. Pompeo*, 387 F. Supp. 3d 753, 760 (S.D. Tex.

2019) (discussing *De la Garza Gutierrez*). That Plaintiff pursues constitutional claims does not make the remedy inadequate. Consequently, under the current state of the law in the Fifth Circuit, Plaintiff has no jurisdictional path to pursue his non-statutory, constitutional claim through § 1331 via any § 702 waiver of sovereign immunity.

Notably, *Bowen*'s view of adequate other remedies appears much more restrictive of § 704 than current Fifth Circuit precedent, but the case does not dictate a different course or outcome. In fact, much of its language, if not focused on the specific timing of § 704's enactment in 1946, could support finding a lack of jurisdiction. *See*, *generally*, 487 U.S. at 903-04. In any event, unlike the proffered remedy in *Bowen*, the proffered available remedy in this case, § 1503(a), does appear – based upon existing circuit precedent – to be the type of special and adequate review procedure that could oust a court of jurisdiction. The Court is compelled to follow the current Fifth Circuit precedent directly addressing the adequacies of § 1503(a) within the contours of § 704.

While there is a strong presumption for judicial review, such presumption is necessarily rebuttable. Further, although constitutional claims deserve utmost attention and review, courts cannot act in the absence of jurisdiction. In this instance, § 704 precludes jurisdiction to judicially review Plaintiff's constitutional claim.

## VII. OTHER MATTERS

Because the Court has found that it lacks jurisdiction over the claims asserted in Plaintiff's amended complaint, it has no need to consider whether the Plaintiff has stated a claim that survives dismissal under Fed. R. Civ. P. 12(b)(6). Further, although Plaintiff asks for leave to amend in its response to the motion to dismiss, he makes that request only to the extent the Court finds additional facts are necessary concerning injuries he has suffered. *See* Resp. at 5 n.3. The Court has no need for any additional facts. Nevertheless, the Court notes that § 704 is a jurisdictional bar to Plaintiff's non-statutory, constitutional claims, whether arising from the Fifth Amendment due

process clause as alleged in the complaint, or from the citizen clause of the Fourteenth Amendment, as asserted in response to the motion.

## VIII. CONCLUSION

For the foregoing reasons the Court **GRANTS** *Defendant's Motion to Dismiss Plaintiff's First Amended Complaint* (ECF No. 25). By separate document, the Court will enter a final judgment dismissing this action for lack of jurisdiction.

**SIGNED this 24th day of March 2020.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**